UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>XAVIER LEE HICKS,<br><br>        Defendant. | Case No. 26-cv-10036<br><br>Honorable Robert J. White |

**STIPULATED ORDER GRANTING RELIEF UNDER 28 U.S.C. § 2255
AND RE-IMPOSING SENTENCE WITHOUT HEARING**

This matter comes before the Court on the motion of Defendant XAVIER LEE HICKS for clarification of sentence, which is being construed by the Court and the parties as a motion for relief pursuant to 28 U.S.C. § 2255. The United States of America, by and through its undersigned counsel, and Defendant, by and through undersigned defense counsel, hereby stipulate to the following facts and jointly request the relief set forth herein. The Court, having considered the stipulation of the parties, the record, and all relevant legal authority, finds as follows:

## I.    <u>FINDINGS OF FACT</u>

1.    **Original Judgment and Sentencing.** On June 5, 2025, this Court sentenced Defendant XAVIER LEE HICKS in the above-captioned matter to a term of 63

months' imprisonment, with 51 months to run concurrent with the sentences Defendant was then believed to be serving in 14-cr-20140 and 12-cr-20497 ("the Prior Sentence"), and 12 months consecutive to those same, concurrent, sentences. This judgment was amended as to restitution on August 11, 2025; all other terms of the sentence remained unchanged.

2.      **The Parties' Shared Understanding.** At the time of sentencing, the Court, the U.S. Probation Department, the government, and defense counsel all operated under the good-faith belief that Defendant was still actively serving the Prior Sentence and that the structure of the sentence imposed on the instant case would result in Defendant serving a <u>total</u> of 63 months in custody.   This shared understanding was material to the Court's sentencing determination and was stated as such by the Court during the sentencing hearing.

3.      **BOP's Sentence Computation.** Following the imposition of judgment, the Bureau of Prisons ("BOP") determined that the Prior Sentence had already fully expired as of March 11, 2025. Because the Prior Sentence had concluded before imposition of the new term, BOP treated the full 63-month term as running consecutive to the Prior Sentence by operation of law, in accordance with 18 U.S.C. § 3584(a) and the relevant BOP Program Statement(s).

4.      **Impact of BOP's Determination.** As a result of BOP's computation, Defendant is required to serve the entirety of the 63-month term as a standalone

sentence, rather than concurrently with any other term. The practical effect of this determination is that Defendant will serve approximately twenty-four (24) months of imprisonment beyond what the Court intended to impose at sentencing.

5.      **Court's Consultation with BOP.** On or about January 16, 2026, the Court sought guidance from the BOP. In a chambers conference held on January 21, 2026, the Court advised the parties of the guidance received from BOP, namely that an amended judgment imposing a sentence of 39 months would effectuate the Court's original intent.

6.      **No Fault; Mutual Mistake of Fact.** The discrepancy between the intended sentence and the sentence being administered arose not from any act or omission by Defendant, but from a mutual mistake of fact shared by all parties and the Court. Neither the Court, the Probation department, nor counsel possessed any documentation confirming the precise expiration date of the Prior Sentence at the time of sentencing. Had accurate information been available, the Court would have imposed a lower term of imprisonment to achieve the same custodial outcome intended.

7.      **Grounds for Relief.** The sentence as currently being administered materially departs from the sentence the Court intended to impose and which the Probation Department and the parties believed had been imposed. This discrepancy, caused by mutual mistake, resulted in a sentence approximately 24 months longer than the

Court intended.  Relief is available under 28 U.S.C. § 2255(a), which permits a court to vacate, set aside, or correct a sentence imposed where "is otherwise subject to collateral attack."

8.      **No Hearing Required.** Because all material facts are stipulated by the parties and no testimonial development is required, the hearing mandate of 28 U.S.C. § 2255(b) is satisfied by the undisputed record.

## II.      CONCLUSIONS OF LAW

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 2255 to vacant, set aside, or correct a sentence "otherwise subject to collateral attack" at any time while Defendant remains in federal custody.

10.     The defendant's claim of error is cognizable under § 2255, as the parties agree that the relief sought is necessary to correct a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

11.     Vacatur of the original judgment and re-imposition of a corrected sentence, without hearing, is the appropriate remedy because: (a) the error is established by the undisputed record; (b) all parties consent to the corrected sentence; and (c) no factual disputes exist that would require testimonial development.

12.     The statutory remedy provided under § 2255 and the parties' stipulation fully authorizes the relief granted herein.

III.   **ORDER**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

13.   **Resolution of 28 U.S.C. § 2255 Motion.** Defendant XAVIER LEE HICKS' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is hereby **GRANTED**.

14.   **Vacatur of Judgment.** The Amended Judgment entered on August 11, 2025 (Dkt. No. 24) is hereby **VACATED**.

15.   **Re-Imposition of Sentence Without Hearing.** Pursuant to 28 U.S.C. § 2255(b) and the parties' stipulation, and upon the Court's independent determination that the record conclusively establishes entitlement to relief[1], the Court RE-IMPOSES sentence without a hearing as follows:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **39 months in custody**.

16.   **Basis for Corrected Sentence.** The corrected sentence of 39 months reflects the Court's original intent to impose a sentence that would result in Defendant serving no more than a combined 63 months in custody across the defendant's multiple cases. The reduction of approximately 24 months from the originally

---

[1] This sentence reflects the 18 U.S.C. 3553(a) factors, as the Court observed when it initially imposed sentence at the June 5, 2025, sentencing hearing.

imposed term is necessary to effectuate that intent given BOP's sentence computation and the timing of the expiration of the Prior Sentence.

17. **Amended Judgment.** The Clerk of Court is directed to enter an Amended Judgment reflecting the corrected term of imprisonment. The Amended Judgment shall note that it is entered pursuant to this Order granting relief under 28 U.S.C. § 2255.

18. **All Other Terms Unchanged.** Except as expressly modified herein, all terms and conditions of the original Judgment shall remain in effect, including the criminal monetary penalties ($588,929.69 in restitution to various victims, which includes the $100 special assessment), the three-year term of supervised release, and all standard and special conditions imposed therein.

19. **Notification to BOP.** The Clerk of Court shall promptly transmit a certified copy of this Order and the Amended Judgment to the Bureau of Prisons' Designation and Sentence Computation Center so that BOP may adjust Defendant's projected release date accordingly.

20. **No Certificate of Appealability.** Because the Court is granting relief to Defendant, the Court need not address the question of a certificate of appealability under 28 U.S.C. § 2253.

SO ORDERED.


Dated: March 16, 2026                          s/Robert J. White
                                               Robert J. White
                                               United States District Judge


**STIPULATED TO:**


JEROME F. GORGON, JR.
United States Attorney

*s/ Ryan A. Particka*                     *s/ Sanford A. Schulman  (w/ consent)*
Ryan A. Particka                          Sanford A. Schulman
Assistant United States Attorney          Counsel for Xavier Hicks
211 W. Fort Street, Suite 2001            500 Griswold, Suite 2340
Detroit, MI  48226                        Detroit, MI  48226
Ryan.Particka@usdoj.gov                   saschulman@comcast.net
(313) 226-9635                            (313) 963-4740